UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON PALMER,<br><br>                    Plaintiff,<br><br>        v.<br><br>MARGARET MIMMS,<br><br>                    Defendant. | Case No.: 1:22-cv-01611-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR ORDER GRANTING ACCESS TO LAW LIBRARY**<br><br>(Doc. 2)<br><br>Clerk of the Court to Assign District Judge<br><br>14-DAY DEADLINE |

Plaintiff Marlon Palmer is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On December 15, 2022, Plaintiff filed his complaint, a motion to proceed *in forma pauperis*, and a "Motion to Order Fresno County Sheriff's Office to Grant Access to Law Library; 28 U.S.C. 1331." (Doc. 2.)  These Findings and Recommendations concern Plaintiff's request for an order granting him access to the law library at the Fresno County Jail.

**I.       DISCUSSION**

   *Plaintiff's Motion*

Plaintiff states that on November 28, 2022, he submitted an inmate request form requesting access to the law library to conduct legal research "on a conviction which has become

final in the State of California." (Doc. 2 at 2.) He contends his request was denied, "reasoning that movant did not meet the institution requirements to utilize the law library." (*Id.*) Plaintiff's appeal concerning that denial was sustained. (*Id.*) Plaintiff argues he has requested access to the law library "on multiple occasions" without success. (*Id.* at 3.) Administrators have repeatedly denied Plaintiff's requests "for reasons that clearly violates the Supreme Courts reasoning …" and that he is a "pro se litigant not trained in the complicated language of the law." (*Id.*) Plaintiff states he wishes to pursue "a motion collaterally attacking his conviction in the state court as well as other civil matters." (*Id.*) Plaintiff asserts that by denying him access to the law library, administrators have hindered his efforts to perform "basic legal research to comply with Local Court rules." (*Id.* at 4.) He states that the Fresno County Jail's "arbitrary policies … make it extremely difficult to get access to the law library [and that] this Court must intervene to protect" his constitutional rights. (*Id.*) Plaintiff seeks an "order to Fresno County to grant movant access to the law library." (*Id.*) Plaintiff's affidavit in support of his motion states (1) he is the movant in this action; (2) he is indigent and cannot afford to pay any court cost associated with this action; and (3) he requested access to the law library at the Fresno County Jail. (*Id.* at 5.)

### *Plaintiff's Complaint*

Plaintiff's complaint names Margaret Mimms, Fresno County Sheriff, as defendant. (Doc. 1 at 1-2.) Plaintiff asserts a single claim for a denial of access to the courts. (*Id.* at 3.) He contends he requested access to the law library and his requests were repeatedly denied "by the Fresno County Jail." (*Id.*) Plaintiff identifies his injury as "prevented for pursueing [sic] a claim mental anguish." (*Id.*) He seeks monetary damages of $25,000. (*Id.* at 6.)

### *Applicable Legal Standards*

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros.,*

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

*Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g*., *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr*., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing

3

*Lewis*, 518 U.S. at 348) (internal quotation marks omitted); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A prisoner cannot submit conclusory declarations of injury by claiming his access to the courts has been impeded. Thus, it is not enough for an inmate to show some sort of denial of access without further elaboration. Plaintiff must demonstrate "actual injury" from the denial and/or delay of access. The Supreme Court has described the "actual injury" requirement:

> [T]he inmate ... must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351.

### *Analysis*

### **Lack of Personal Jurisdiction**

Significantly, no defendant has been served in this action, nor has any defendant filed an appearance. Thus, this Court does not have personal jurisdiction over the named defendants and may not act at this time. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. at 350; *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. at 234-35; *Zepeda v. INS*, 753 F.2d at 727-28.

### **Application of the *Winter* Factors**

Even setting aside a lack of personal jurisdiction, Plaintiff fails to demonstrate "actual injury" regarding a lack of access to the law library. Specifically, Plaintiff fails to demonstrate his requests for access to the law library were *improperly* denied. He states only that the requests were denied, failing to provide any substantive information regarding the basis for those denials. Merely indicating the requests were denied because they did not meet the relevant requirement is insufficient, vague and conclusory. Nor has Plaintiff provided the jail's policies or procedures regarding law library access for the Court's consideration. As it stands, the Court is unable to determine whether any impropriety has occurred.

//

Further, Plaintiff's citation to an action pending in this Court does not allow for a finding that Plaintiff should be granted the extraordinary relief he now seeks. More particularly, Plaintiff references "219cv01999" in support of his motion. (Doc. 2 at 2.) A search of this Court's electronic records reveals a pending action entitled *Palmer v. Atchley*, 2:19-cv-01999-KJM-KJN. In that matter, Plaintiff filed a petition for writ of habeas corpus concerning his 2016 state court conviction for second degree murder. (*See* 2:19-cv-01999: Doc. 19.) Presently, the assigned magistrate judge's November 18, 2021 findings and recommendations to deny the habeas petition are pending before the assigned district judge. This pending habeas action is a collateral attack concerning Plaintiff's state court conviction; thus, to the extent Plaintiff argues he wishes to attack his state court conviction, those proceedings are already underway. And Plaintiff's reference to a wish to pursue "other civil matters" is vague and conclusory. It does not demonstrate actual injury.

In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). For the reasons stated above, Plaintiff has failed to establish he is likely to succeed on the merits of his claim.

Nor has Plaintiff established irreparable harm. An injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted). As previously indicated, Plaintiff's pending habeas corpus action is a collateral attack on his state court conviction; the findings and recommendations to deny the writ petition have not yet been ruled upon by the assigned district judge. Thus, Plaintiff cannot show any real or immediate threat he will be wronged again—his collateral challenge to his state court conviction is presently under consideration. And Plaintiff's vague reference to a wish to file "other civil matters" in no way amounts to a showing of irreparable injury.

Next, Plaintiff makes no showing whatsoever that the balance of equities tips in his favor, nor does he make any showing that the injunction he seeks is in the public's interest.

In sum, Plaintiff has not met the requirements for the issuance of an order granting preliminary relief. He has not established he is likely to succeed on the merits of his claim, that he is likely to suffer irreparable harm, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. at 876 (quoting *Winter*, 555 U.S. at 20).

## II.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for an order directing the Fresno County Sheriff's Office to grant him access to the law library (Doc. 2) be DENIED.

These Findings and Recommendations will be submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 19, 2022**                                         
                                                  UNITED STATES MAGISTRATE JUDGE