UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON PALMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARGARET MIMMS,<br><br>　　　　　Defendant. | Case No.: 1:22-cv-01611-JLT-CDB (PC)<br><br>**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE**<br><br>(Doc. 3)<br><br>**ORDER TO RESUBMIT PROPERLY COMPLETED APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR TO PAY FILING FEE WITHIN 30 DAYS** |

　　　　Plaintiff Marlon Palmer is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

　　　　On December 15, 2022, Plaintiff filed an application to proceed *in forma pauperis* (IFP). (Doc. 3.) However, Plaintiff's IFP application is incomplete. Thus, IFP status cannot be determined at this time. Plaintiff will be given the opportunity to submit a properly completed IFP application, or, alternatively, to pay the required filing fee.

**DISCUSSION**

　　　　Proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed IFP, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "'the same even-handed care must be

employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar.'" *Evans v. Sherman*, No. 1:19-cv-00760-LJO-JLT (PC), 2019 WL 5377040, at *2 (E.D. Cal. Aug. 21, 2019) (citation omitted).

Here, Plaintiff's IFP application indicates he is not employed, does not receive any money from any source, and does not have cash in any checking or savings account. (Doc. 3 at 1-2.) Plaintiff also indicates he does not own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property, nor any other asset. (*Id*. at 2.) However, while Plaintiff signed the IFP application authorizing the agency having custody of him to collect and forward payments from his inmate trust account (*id*. at 2), Plaintiff has failed to provide a completed "Certificate" at the bottom of page 2.

The "Certificate" section is "To be completed by the institution of incarceration" and signed and dated by an "authorized officer" of the institution of incarceration. Plaintiff's application is incomplete—he has not provided a completed certification concerning the sums, or lack of sums, in his account at the time of the application, nor a certification concerning the average monthly deposits during the past six months, if any. (*See* Doc. 3 at 2.) Underneath his signature on page 2, and above the "Certificate" portion left blank, Plaintiff wrote "'See Financial Affidavit.'" (*Id*.) However, no additional documentation was submitted with the IFP application; there is no financial affidavit for the Court to consider.

Plaintiff's now pending IFP application will be denied without prejudice. Plaintiff will be afforded the opportunity to submit a properly completed IFP application, including the "Certificate" portion appearing at the bottom of page 2 of the application, or to pay the filing fee.

**CONCLUSION AND ORDER**

For the reasons explained above, the undersigned finds Plaintiff's IFP application, filed December 15, 2022, is incomplete. As a result, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP application filed December 15, 2022 (Doc. 3) is DENIED without prejudice;
2. Plaintiff must submit a properly completed IFP application within **30 days** of the date

of service of this Order, or, alternatively, Plaintiff must pay the filing fee of $402; and

3. The Clerk of the Court is directed to serve Plaintiff with a blank Application to Proceed In Forma Pauperis by a Prisoner form along with this Order.

**Plaintiff is cautioned that a failure to comply with this Order will result in a recommendation that this action be dismissed for a failure to comply with a court order**.

IT IS SO ORDERED.

Dated: **December 20, 2022**

UNITED STATES MAGISTRATE JUDGE